UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT YSARRARAS RAMIREZ, SR., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 1:15-cv-01187 - JLT <br><br> ORDER DIRECTING CLERK OF THE COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION <br><br> FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR FAILURE TO PAY THE FILING FEE PURSUANT TO 28 U.S.C. § 1914(a) AND FAILURE TO OBEY THE COURT'S ORDER |

On July 30, 2015, Plaintiff Vincent Ysarrars Ramirez, Sr., initiated an action against the Commissioner of Social Security, asserting he should be awarded Social Security benefits. (Doc. 1). For the following reasons, it is hereby recommended that the action be **DISMISSED**.

**I.     Procedural History**

When Plaintiff initiated the action on July 30, 2015, he failed to pay the filing fee. Therefore, on August 4, 2015, the Court ordered Plaintiff to pay the filing fee or file a motion to proceed in forma pauperis ("IFP") for the action to proceed. (Doc. 2 at 1) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999)). Plaintiff filed a response to the Court's order, in which he reported he "received a denial of informa pauperis [but] the document was stolen…" (Doc. 3 at 1)

On August 20, 2015, the Court issued a second order, explaining to Plaintiff that it had "has not received a request from Plaintiff to proceed IFP in this action, and as such, the Court has not

determined whether Plaintiff satisfies the requirements of 28 U.S.C. § 1951(a)(1)." (Doc. 4 at 2) Therefore, the Court ordered Plaintiff "to either pay the filing fee or file a motion to proceed IFP in this matter. . . within 21 days of service of th[e] order." (*Id.* at 2) Further, the Court cautioned Plaintiff that failure to comply would "result in a recommendation that the action be dismissed." (*Id.*, emphasis omitted) To date, Plaintiff has failed to respond to the Court's order.

## II.     Failure to Pay the Filing Fee

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C § 1915(a). *See Andrews v. Cervantes*, 492 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez*, 169 F.3d at 1177. As noted above, Plaintiff did not prepay the filing fee, and the action may not proceed.

## III.     Failure to obey the Court's Order

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986); *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

Here, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). The risk of prejudice also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

Finally, the Court warned Plaintiff the action could not proceed without payment of fees. (Doc. 2 at 1; Doc. 4 at 1-2)  In addition, Plaintiff was informed: "**Failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110**."  (Doc. 4 at 2, emphasis in original)  These warnings satisfy the requirement that the Court consider less drastic measures. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Consequently, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV.     Order

Good cause appearing therefor, the Clerk of Court is DIRECTED to assign a United States District Judge to the action.

## V.     Findings and Recommendations

Plaintiff has failed to file the requisite filing fee pursuant to 28 U.S.C. § 1914(a), and as a result, the matter cannot proceed before the Court at this time.  Further, Plaintiff failed to obey the Court's Orders dated August 4, 2015 (Doc. 2) and August 20, 2015 (Doc. 4).

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to pay the filing fee and obey the Court's order; and
2. The Clerk of Court be DIRECTED to close this action, because this order terminates the action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen

days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 22, 2015**                 **/s/ Jennifer L. Thurston**
                                                                         UNITED STATES MAGISTRATE JUDGE